UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MICHAEL SINGLETON, | ) Case No. ED CV 08-1307-PA (SH) |
| Petitioner, | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION FOR WRIT<br>) OF HABEAS CORPUS |
| v. | ) |
| P. VASQUEZ, | ) |
| Respondent. | ) |

## I. BACKGROUND

On September 24, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). In his Petition, petitioner challenges his sentence following his 2001 second degree robbery convictions, Los Angeles Superior Court (Case No. FVI08419). (Petition at 2). As best the Court can clean from the allegations in the Petition, petitioner is alleging that he received an upper term sentence on his convictions in violation of his Sixth Amendment right to a jury

trial under Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  (Petition at 5-6, Attachment at 13-14).

## II. DISCUSSION

On October 22, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case Number EDCV 07-01384-PA (SH)).  In that Petition, petitioner challenged the same 2001 convictions and resulting sentence.  On February 6, 2008, the district court dismissed that Petition with prejudice, in accordance with the conclusions of the Magistrate Judge.  On July 16, 2008, the district court denied petitioner's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition. The instant Petition was filed on September 24, 2008, well after the effective date of the AEDPA. Cunningham v. California, the basis of the claim alleged in the Petition, did not announce a new rule of constitutional law. See Butler v. Curry, 528 F.3d 624, 633-39 (9th Cir. 2008). Moreover, to the extent that the claim alleged in the Petition is based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court has not held that Apprendi applies retroactively on collateral review, see Rees v. Hill, 286 F.3d 1103, 2204 (2002); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), cert. denied, 537 U.S. 539 (2003); see also Harris v. U.S., 536 U.S. 545, 581, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."), and Apprendi was not unavailable to petitioner at the time he filed his prior federal habeas petition. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). It appears that no such authorization has been obtained in this case. Thus, the Petition should be dismissed for that reason.

## III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED: September 27, 2008

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: September 26, 2008

_____ / s /
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE